RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0092p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ANITA TRAYLING,

     *Plaintiff-Appellee*,

     *v.*

ST. JOSEPH COUNTY EMPLOYERS CHAPTER OF LOCAL #2955, AN AFFILIATE OF COUNCIL 25, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES INTERNATIONAL UNION, AFL-CIO,

     *Defendant-Appellant* (13-1969),

COUNTY OF ST. JOSEPH,

     *Defendant-Appellant* (13-1968).

Nos. 13-1968/1969

> Appeal from the United States District Court
> for the Western District of Michigan at Grand Rapids
> No. 1:11-cv-00787—Janet T. Neff, District Judge.

Decided and Filed:  May 1, 2014

Before: SUTTON and COOK, Circuit Judges; MARBLEY, District Judge.[*]

---

### COUNSEL

**ON BRIEF:**  Marcelyn A. Stepanski, JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C., Farmington Hills, Michigan for Appellant in 13-1968.  Terri L. Dennings, MILLER COHEN, P.L.C., Detroit, Michigan, for Appellant in 13-1969.  William F. Piper, WILLIAM F. PIPER, PLC, Portage, Michigan, for Appellee.

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

---

**OPINION**

---

SUTTON, Circuit Judge.   After losing her job as an appraiser for St. Joseph County, Anita Trayling filed a grievance with her union and a discrimination charge with the Michigan Civil Rights Department.   The union refused to pursue the grievance because the collective bargaining agreement's election-of-remedies clause prohibits using the internal grievance process and an external statutory process simultaneously.   Trayling sued the county and the union—the county for age and disability discrimination, both defendants for implementing an allegedly unlawful election-of-remedies rule.   In a motion for partial summary judgment, Trayling asked the court to hold that the election-of-remedies rule violates federal law.   The district court granted the motion, and the county and the union appealed.

All three parties want us to hear this appeal.   But we must decide for ourselves whether we have the power to do so.   *Capron v. Van Noorden*, 2 Cranch 126 (1804).   For the most part, we may review only "final decisions"—judgments that put an end to trial-level proceedings. 28 U.S.C. § 1291.   The district court's order granting *partial* summary judgment does not amount to a final decision.   The court decided only the defendants' liability for enforcing the election-of-remedies clause.   It did not even fully resolve the election-of-remedies claim (damages remain undecided), let alone fully resolve the whole case (the age and disability discrimination claims remain pending).

The parties rely on an exception to the finality requirement, 28 U.S.C. § 1292(a), which in relevant part allows us to review orders "granting . . . injunctions" even when the appeal comes midway through the case.   As the parties see it, the district court enjoined the enforcement of the election-of-remedies clause, and the county and union have appealed from that decision. But this theory enters a vacuum:  There is no sign that the district court ever enjoined anything. Trayling never moved for a preliminary injunction.   In its order granting partial summary judgment, the district court says nothing about injunctions.   The accompanying opinion says nothing about injunctions.   The court's remaining rulings say nothing about injunctions.   All the

court did was rule that the election-of-remedies clause violates federal law, a decision that falls short of an injunction. *See Groseclose v. Dutton*, 788 F.2d 356, 361 (6th Cir. 1986).

The parties persist that Trayling *asked* for an injunction, and when the district court accepted the motion for partial summary judgment it "effectively granted [this] request." Union Br. vi. But Trayling's motion did not ask the court to enjoin anything. It asked the court only to "rule and declare that" the election-of-remedies requirement violates the law. R. 50. The only mention of an injunction comes in the concluding words of Trayling's supporting brief: "For all of the above reasons, this court should declare that the election of remedies provision . . . violates [federal law], *that it be enjoined*, and that plaintiff may obtain a judgment against the defendants to that effect." R. 51 at 13 (emphasis added). This shows only that Trayling wanted an injunction, not that she got it. The court said that it granted the motion, not that it granted the further relief requested in the brief in support of the motion.

More fundamentally, the parties' injunction-by-implication theory ignores a foundation of appellate review: In the absence of a contrary signal in the district court's ruling, we presume that the court followed the law. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 385 n.2 (2008). Civil Rule 65 requires every injunction to state its grounds, to state its terms with specificity, and to "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." To conclude that the district court issued an injunction in an order that says nothing about injunctions, we must assume that the court had never heard of Rule 65. We do not make the assumption, so we do not reach the conclusion. There was no order granting an injunction, and there is no jurisdiction over this appeal.

For these reasons, we dismiss the appeal.